**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4515**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAVIER CHAY-DE LA CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00102-RJC-1)

Submitted: May 26, 2010                    Decided: June 18, 2010

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael N. Loebl, FULCHER HAGLER LLP, Augusta, Georgia, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javier Chay-De La Cruz pled guilty, without a plea agreement, to illegal reentry of a deported alien after a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The court sentenced Chay-De La Cruz to fifty-seven months in prison. Chay-De La Cruz appealed. Defense counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but challenging the adequacy of the Fed. R. Crim. P. 11 hearing and questioning the reasonableness of Chay-De La Cruz's sentence. Chay-De La Cruz filed a pro se supplemental brief asserting claims of ineffective assistance of trial counsel.[1]

Because Chay-De La Cruz did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court substantially complied with the mandates of Rule 11 in accepting Chay-De La Cruz's guilty plea and ensured that he entered his plea knowingly and voluntarily and that the plea was

---

[1] Chay-De La Cruz was represented by different counsel in the district court.

supported by an independent factual basis.[2] See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Chay-De La Cruz's sentence, we review his sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. We must assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Finally, we review the

---

[2] As counsel acknowledges, Chay-De La Cruz consented to proceed before a magistrate judge for the plea hearing, and the magistrate judge was properly authorized to conduct the Rule 11 hearing. United States v. Osborne, 345 F.3d 281, 288 (4th Cir. 2003).

substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Defense counsel questions the calculation of the guidelines range, specifically the sixteen-level increase in offense level imposed under U.S. Sentencing Guidelines Manual § 2L1.1(b)(1)(A) (2007), based on Chay-De La Cruz's prior felony conviction for transporting aliens for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2006). Section 2L1.1(b)(1)(A) calls for a sixteen-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . an alien smuggling offense." USSG § 2L1.1(b)(1)(A). The commentary to this section defines an "alien smuggling offense" the same way it is defined in 8 U.S.C. § 1101(a)(43)(N) (2006). That provision specifically references 8 U.S.C. § 1324(a)(1)(A), the statute under which Chay-De La Cruz was previously convicted. We find no error in the application of the sixteen-level enhancement.

Our review of the record leads us to conclude that the district court properly calculated Chay-De La Cruz's guidelines range, considered the § 3553 factors, considered counsel's

4

arguments and Chay-De La Cruz's allocution, and adequately explained the reasons for the sentence imposed. We therefore find that the sentence was procedurally reasonable. Moreover, nothing in the record overcomes the presumption of reasonableness afforded Chay-De La Cruz's within-guidelines sentence. United States v. Wright, 594 F.3d 259, 267 (4th Cir. 2010); Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-guidelines sentence).

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none.[3] Thus, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument

---

[3] We have reviewed the claims in Chay-De La Cruz's pro se supplemental brief. Because it does not conclusively appear from the record that Chay-De La Cruz was denied effective assistance of counsel, we conclude that his claims are not cognizable on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

5

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED